UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOHN A. SCHMITZ,

        Plaintiff,

v.

AMY SCHAFFER, and LORI SWANSON,

        Defendants.

Civil No. 12-3054 (RHK/JJG)

**REPORT AND RECOMMENDATION**

This case is before the undersigned United States Magistrate Judge on Plaintiff's pending application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    BACKGROUND**

Plaintiff commenced this action by filing his IFP application, and a self-styled civil complaint, (Docket No. 1). The complaint asserted that federal subject matter jurisdiction exists in this case, because Plaintiff is attempting to sue Defendants for allegedly violating his federal constitutional rights. The two named Defendants in this action are Amy Schaffer, who is identified as a County Attorney for Dakota County, Minnesota, and Lori Swanson, who is the Minnesota Attorney General. Because both named Defendants are government employees, they can be sued under 42 U.S.C. § 1983, if they violated Plaintiff's federal constitutional rights.

However, the Court previously reviewed Plaintiff's original complaint, and found that Plaintiff had failed to allege any facts describing anything that either of the named Defendants actually did (or failed to do) that could be viewed as a violation of the federal Constitution.

Indeed, the original complaint alleged no specific facts at all. Thus, the Court found that Plaintiff's original complaint failed to state a cause of action on which relief could be granted.

On December 14, 2012, the Court entered an order, (Docket No. 4), which informed Plaintiff that his IFP application could not be granted, because his complaint failed to state an actionable claim for relief. The Court's order granted Plaintiff leave to file an amended complaint, and prescribed certain pleading requirements that Plaintiff would have to satisfy if he elected to re-plead.

Plaintiff recently filed an amended complaint, (Docket No. 6), which is now the operative pleading in this case. Unfortunately, Plaintiff did not comply with the pleading requirements prescribed by the Court's last order, and as a result, his amended complaint is just as defective as his original pleading.

In the amended complaint, Plaintiff once again asserts that federal subject matter jurisdiction exists, because he is claiming that Defendants violated his federal constitutional rights. However, Plaintiff still has not pleaded any facts to support any such claim.

As far as the Court can tell, Plaintiff is unhappy about the outcome of a probate matter that was litigated in the state district court for Dakota County, Minnesota. The vague accusations in the amended complaint seem to suggest that Plaintiff believes Defendants were somehow responsible for allowing the state court probate matter to be wrongly resolved (at least from Plaintiff's perspective). The substantive allegations in Plaintiff's amended complaint, repeated verbatim and in their entirety, are as follows:

> 7. 1 A. <u>Intentional legal negligence, abuse of power, and fraud</u> by Amy Schaffer in violation of U. S. Constitution, Amendment 5 and Amendment 14, Section 1. – This occurred during discovery (2008-2009), the court trial (August 25, 26, 27, 2009), hearing on December 3, 2009, Minnesota Appellate Court and ruling 12/28/10, Minnesota Supreme Court and ruling 3/15/11, U.S. Supreme court and ruling October 2011. Specifically, Ms. Schaffer sent several unsigned and

sanitized transcripts to the Appellate Courts, myself, and Jodie Carlson, Minnesota Appellate Public Defender to change her lying to the jury in her rebuttal closing argument to get around Minnesota Probate Statutes vs a verbal order from Judge Spicer which was in a stay condition because of an appeal. (See Exhibits A, F)

1 B.   Hiding evidence/documents (bill-for-services) from a complaining heir, Linda Swanson. (Exhibit B)

1 C.   Hiding evidence, police records, etc. (Exhibit C and D)

1 D.   Hiding evidence/sanitizing 12/3/09 transcript. – Defendants closing statement pertaining to concealed police records, heir letters/perjury, and David Essling representation.   (Exhibit G)

1 E.   Not enforcing the will (#6 and 7). (Exhibit E)

1 F.   Dollar amounts in several documents not accurate.   (Original charge, amended charge, amount determined to be owed. – This was in part due to Ms. Schaffer hiding evidence. ie. Defendants 'Bill – For – Services'.)

2.   <u>Defamation --</u> Publishing (libel) and slander of the above torts numbered 7 – 1A – 1F.

3.   Minnesota Attorney General, Lori Swanson is the representative for the State Of Minnesota in criminal charges being brought and is the receiving party for the State Of Minnesota when a civil lawsuit is filed against Amy Schaffer who represented Dakota County and the State Of Minnesota in case   # 19HACR081148, Mn. Appellare [sic] Cases A09-2325, and U.S. Supreme Court 'Writ Of Certiorari' ruling on 10/2011.

Case torts, violations, and fraud occurred from 2003 through 2012, and is ongoing! (Probate case and charge that went to the U.S. Supreme Court on appeal from Minnesota Appellate Courts. – Writ of Certiorari decision in October 2011.   Also, Mn. Office Of Lawyers Professional Responsibility complaint filed in April 2012.)

(Amended Complaint, [Docket No. 6], pp. 3-4.)

Plaintiff submitted several "exhibits" with his amended complaint, but those materials do not provide any additional facts that could support a § 1983 claim against the named Defendants.

Based on the vague and conclusory allegations quoted above, Plaintiff is seeking a judgment against Defendants for "[d]amages in excess of $75,000 up to the maximum allowed by

law! – Plus all additional relief which the plaintiff is entitled." (Id., p. 4.)[1]

II. **DISCUSSION**

If an IFP applicant files a complaint that fails to state a cause of action on which relief can be granted, the case will be summarily dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state a cause of action on which relief can be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1950 (2009). A complaint fails to state a cause of action if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The facts supporting a plaintiff's claims must be clearly alleged. Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004).[2]

Furthermore, a complaint must describe each named defendant's personal involvement in the events on which the plaintiff's claims are based. Ellis v. Norris, 179 F.3d 1078, 1079 (8th Cir. 1999). In a civil rights action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at

---

[1] It is unclear why Plaintiff believes he is entitled to substantial money damages, because his complaint does not describe any injury that Defendants allegedly caused him to suffer.

[2] These requirements were explained to Plaintiff in the Court's prior order in this case.

4

1948 (emphasis added).  See also Beck v. LaFleur, 257 F.3d 764, 766 (8th Cir. 2001) (upholding summary dismissal of civil rights claims, because plaintiff's complaint "failed to allege sufficient personal involvement by any of defendants to support such a claim").

In this case, Plaintiff has failed to plead any legally cognizable claim for relief, because his amended complaint alleges no facts to support such a claim.  Plaintiff still has not pleaded a comprehensible set of historical events, or clearly described any specific acts or omissions by either of the named Defendants.  Plaintiff's entire amended complaint, like his original pleading, consists of nothing more than unsupported conclusions.

The Court recognizes that Plaintiff is a pro se litigant who may not be familiar with the requirements for pleading an actionable claim for relief in a federal court complaint.  However, the Court's previous order in this case informed Plaintiff that he would have to present the factual and legal bases for his claims in "a clear, complete and comprehensible fashion."  The prior order plainly warned Plaintiff that "[v]ague accusations will not suffice."  Plaintiff was also expressly told that "[m]ost importantly, the amended complaint must present a clear and comprehensive description of what, specifically, each individual Defendant actually did (or failed to do) that allegedly violated Plaintiff's federally protected rights."  (Order dated December 14, 2012, [Docket No. 4], p. 3, [emphasis in the original order].)  Moreover, the Court's prior order explicitly directed that "[a]ll allegations must be presented in complete sentences and paragraphs," (Order dated December 14, 2012, p. 3, [emphasis in the original order]).  None of those requirements have been met.  Plaintiff still has not pleaded any facts describing any specific acts or omissions by either of the named Defendants.  Plaintiff's new pleading continues to present only vague, conclusory, and barely comprehensible accusations.  As a result, Plaintiff's amended complaint fails to cure the fatal defects identified in his original pleading.

5

III.  **CONCLUSION**

Because Plaintiff has not clearly described anything that either of the named Defendants actually did (or failed to do) that could be viewed as a violation of his constitutional rights, he has failed to plead a cause of action on which relief can be granted.   The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

IV.  **RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).


Dated:   January 18, 2013            s/ *Jeanne J. Graham*
                                                         JEANNE J. GRAHAM
                                                         United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 4, 2013**.
A party may respond to the objections within fourteen (14) days after service thereof.   Any objections or responses shall not exceed 3,500 words.   The District Judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.